UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOMRET PHOUNG, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>WINCO HOLDINGS, INC., an Idaho corporation,<br><br>    Defendant. | No. 2:21-cv-2033-MCE-JDP<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Somret Phoung ("Plaintiff") seeks relief from Defendant WinCo Holdings, Inc. ("Defendant") for wage and hour violations of the California Labor Code and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. Presently before the Court are Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") or, in the Alternative, to Strike or, in the Alternative, to Stay Proceedings, ECF No. 13, and Plaintiff's Motion to Remand, ECF No. 14. For the reasons set forth below, Plaintiff's Motion is DENIED, whereas Defendant's Motion to Dismiss is GRANTED.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs. E.D. Local Rule 230(g).

1

**BACKGROUND**

A.  **Factual Background**[2]

Defendant, who operates grocery stores, employed Plaintiff as an hourly, non-exempt employee until February 26, 2021.  According to Plaintiff, Defendant frequently enforces multiple practices and/or policies that violate state law which are intended to increase their own profits to the detriment of its employees.  For example, Plaintiff was allegedly denied payment for all hours worked, including overtime pay owed, resulting from Defendant's practices of, from time to time, requiring employees to dress and undress into protective gear and equipment off the clock, and spending time off the clock purchasing and maintaining required tools, knives, and other materials required for work. Plaintiff and the class members were allegedly often required to provide their own butcher's knives because they were not provided by Defendant, but they were not reimbursed for the cost of these business expenses.  Additionally, Plaintiff alleges that he and the class members were, from time to time, required to take the knives home to sharpen them for work purposes.

Regarding rest breaks, Plaintiff and the class members allegedly, from time to time, worked in excess of four hours, or a major fraction thereof, during workdays without being provided at least a ten-minute rest period in which they were relieved of all duties. Similarly, Plaintiff alleges that Defendant periodically failed to permit Plaintiff and the class members to take timely, off-duty meal breaks of not less than 30 minutes for each five consecutive hours of work.  Defendant also allegedly on occasion failed to provide Plaintiff and the class members with suitable seating during their employment.

The FAC further alleges that Defendant frequently failed to timely pay all wages owed upon termination and failed to furnish accurate wage statements to Plaintiff and the class members.  Finally, Plaintiff contends that he and the class members were paid sick leave wages at their base hourly rates of pay, which is less than required under the

---

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's FAC.

California Labor Code.  Given the foregoing, Defendant allegedly also engaged in unfair competition.

### B.  Procedural History

On September 24, 2021, Plaintiff filed a Class Action Complaint in the Superior Court of California, County of Sacramento, on behalf of himself and others similarly situated.  Ex. A, Compl., ECF No. 1, at 14–42.  The Complaint alleges the following causes of action:  (1) failure to pay earned wages, including overtime; (2) failure to properly calculate and pay sick leave wages; (3) failure to provide rest breaks; (4) failure to provide timely, uninterrupted meal breaks; (5) failure to provide suitable seating; (6) failure to reimburse for required business expenses; (7) failure to timely pay all wages owed upon termination; (8) failure to provide accurate itemized wage statements and maintain accurate records; and (9) unfair business practices.  See generally id.  Plaintiff filed the FAC in the state court action on November 2, 2021.  See Pl.'s Mot. Remand, ECF No. 14, at 8.  The following day, on November 3, 2021, Defendant removed the case to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").[3]  ECF No. 1 ¶ 7 ("Not. Removal").

Defendant subsequently moved to dismiss the original Complaint on November 10, 2021.  ECF No. 5.  However, Plaintiff refiled the FAC in this Court on November 23, 2021, ECF No. 8, and in response, Defendant withdrew its motion to dismiss.  ECF No. 9.  Shortly thereafter, on December 7, 2021, Defendant filed the present Motion to Dismiss Plaintiff's FAC and Plaintiff filed the instant Motion to Remand.

///
///
///
///
///

---

[3] Defendant claims it was "never properly served with the FAC filed in state court and had no notice of the FAC until November 8, 2021."  Def.'s Opp'n Mot. Remand, ECF No. 19, at 7 n.1.

# STANDARDS

### A. Motion to Remand

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States, [or] citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)–(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

### B. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)[4]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

4

favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

   Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

///

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.     Plaintiff's Motion to Remand[5]

Under CAFA, federal district courts have original jurisdiction in any civil action where: (1) the proposed class has more than 100 members; (2) the parties are minimally diverse; and (3) the amount in controversy in the aggregate exceeds the sum

///
///

---

[5] The parties disagree over whether the Court should consider the original Complaint or the FAC in ruling on the Motion to Remand. While Defendant posits that the original Complaint, which does "not contain the same anti-CAFA allegations now alleged in the FAC," is the operative complaint, it nonetheless argues that under the FAC, the amount in controversy still exceeds $5 million. Def.'s Opp'n Mot. Remand, ECF No. 19, at 7 n.1, 12. Because Defendant bases its amount in controversy arguments on the allegations in the FAC, see id. at 12–24, the Court will consider the FAC in reaching its decision.

1    or value of $5,000,000.[6]  28 U.S.C. § 1332(d)(2); see also Ibarra v. Manheim Invs., Inc.,
2    775 F.3d 1193, 1195 (9th Cir. 2015).  The only question for this Court to resolve with the
3    instant Motion to Remand is whether the amount in controversy exceeds $5,000,000.
4    According to Defendant, the amount in controversy is at least $50,176,380 based on
5    Plaintiff's claims for waiting time penalties, inaccurate wage statements, non-compliant
6    meal periods, and non-compliant rest periods.  Not. Removal ¶ 42.

7             For purposes of satisfying the amount in controversy requirement, a defendant
8    asserting CAFA jurisdiction must include in the notice of removal "a plausible allegation
9    that the amount in controversy requirement exceeds the jurisdictional threshold."  Dart
10   Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014); see Ibarra,
11   775 F.3d at 1197 (stating that evidentiary submissions are not required at the time of
12   removal as long as plausible allegations are made).  When, as here, the claimed amount
13   in controversy is contested by Plaintiff, Defendant bears the burden of establishing, by "a
14   preponderance of the evidence," that the $5,000,000 threshold has been met.
15   Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 977 (9th Cir. 2013); see also
16   Arias v. Residence Inn by Marriott, 936 F.3d 920, 925 (9th Cir. 2019) (stating that when
17   the amount in controversy is challenged, "both sides submit proof and the court decides,
18   by a preponderance of the evidence, whether the amount-in-controversy requirement
19   has been satisfied.") (citing Dart Cherokee, 574 U.S. at 88)).  It is not enough to offer
20   "mere speculation and conjecture, with unreasonable assumptions."  Ibarra, 775 F.3d
21   at 1197.  Instead, CAFA requires that the removing party, once pressed to do so,
22   support its amount in controversy allegations with real evidence.  See Dart Cherokee,
23   574 U.S. at 89; Ibarra, 775 F.3d at 1197–98.  The Ninth Circuit in particular has stated
24   that "summary-judgment type evidence" is required for a removing defendant to meet its
25   burden of demonstrating the requisite amount in controversy when challenged.  Singer v.

---

[6] The proposed class is defined as follows:  ""All current and former hourly, non-exempt employees of Defendant in California, at any time during the Class Period."  FAC ¶ 26; see also id. ¶ 25 ("The 'Class Period' as defined herein commences four years prior to the date of filing of the initial Complaint in this action to the present.").

7

State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).  While "a removing defendant is permitted to rely on a chain of reasoning that includes assumptions[,] [s]uch assumptions cannot be pulled from thin air but need some reasonable ground underlying them."  Arias, 936 F.3d at 925 (citing Ibarra, 775 F.3d at 1199) (internal quotation marks omitted).  "An assumption may be reasonable if it is founded on the allegations of the complaint."  Id.

In its Notice of Removal, Defendant, in part, contends that the total aggregate potential liability based on Plaintiff's claims regarding meal breaks and rest periods alone exceeds the statutory amount.[7]  See Not. Removal ¶¶ 32, 34.  In support, Defendant provides two declarations from its Senior Programmer and Analyst, Mr. Rudel.  See generally Rudel Decl. ISO Not. Removal, ECF No. 1-2; Rudel Decl. ISO Def.'s Opp'n Mot. Remand, ECF No. 19-1.  Based on Defendant's electronic payroll system and electronic databases regarding its employees, and through the use of various search and filter functions, Mr. Rudel asserts that "the approximate number of hourly, non-exempt employees in California employed from August 9, 2017, to August 9, 2021 is . . . 16,688," and that "the approximate number of work weeks for that period is approximately 1,253,884."  Rudel Decl. ISO Not. Removal, ECF No. 1-2 ¶¶ 3, 5.  Mr. Rudel also states that "the approximate average hourly rate of pay of hourly, non-exempt employees in California employed for this time period is approximately $15.61 per hour."  Rudel Decl. ISO Def.'s Opp'n Mot. Remand, ECF No. 19-1 ¶ 6.

In the FAC, Plaintiff's Third and Fourth Causes of Action allege that Defendant failed to maintain compliant rest and meal period policies and practices.  See FAC ¶¶ 4 (stating that Defendant "had an unlawful policy and/or practice of often failing to," in part, provide rest breaks and timely, uninterrupted meal breaks), 46, 51.  Regarding rest periods, Plaintiff alleges that he "and Class Members were frequently scheduled to work

---

[7] "If an employer fails to provide an employee a meal or rest . . . period in accordance with a state law, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest . . . period is not provided."  Cal. Lab. Code § 226.7(c).

8

8-hour shifts or longer, but they frequently often missed breaks due to the press of work." Id. ¶ 47. Additionally, Defendant allegedly "from time to time did not authorize or permit all of its hourly employees to take at least a ten minute rest period in which they were relieved of all duties, for every 4 hours of work, or major fraction thereof . . ." Id. ¶ 48.

As for meal breaks, Plaintiff alleges that Defendant "from time to time failed to provide all of its hourly employees with their right to take an off-duty unpaid 30-minute meal period." Id. ¶ 51. According to Plaintiff, he and "Class Members were often too busy and understaffed to take time away from their duties for breaks and were unable to take compliant meal or rest breaks." Id. ¶ 52 ("When Plaintiff was able to take a meal period, he was frequently interrupted as he had to remain available to assist managers and customers."). Furthermore, Defendant allegedly "often failed to permit Plaintiff and Class Members to take timely, off-duty, meal breaks of 'not less than 30 minutes' for each five consecutive hours of work . . ." Id. ¶ 53. When rest periods and meal breaks were provided, Plaintiff alleges "they were cut short because Plaintiff and Class Members were required to wear protective gear, which they had to take off and put on during their breaks, cutting into" their break time. Id. ¶¶ 47, 52.

From this language, Defendant contends that there is at least $12,538,840 in controversy for missed meal breaks and $12,538,840 for rest periods, both of which are "based on a conservative estimate that each putative class member failed to receive compliant [rest or meal] periods only once each workweek and was paid a [meal or rest] period premium of $10 per hour for each purported violation . . ." Not. Removal ¶¶ 32, 34. Each number was reached by multiplying the number of workweeks (1,253,884) by $10 (reduced hourly rate from $15.61) by 1 (missed meal or rest period per workweek), which amounts to a 20% violation rate. Id.; Def.'s Opp'n Mot. Remand, ECF No. 19, at 18.

Plaintiff takes issue with Defendant's assumed violation rate, arguing that Defendant offers no reasonable basis or evidence to support it. See Pl.'s Mot. Remand, ECF No. 14, at 12–16. First, Plaintiff contends that Defendant has failed to include

9

documentary evidence such as work schedules or timecards to corroborate the claims made by Mr. Rudel in his declarations. See Pl.'s Mot. Remand, ECF No. 14, at 13; Pl.'s Reply ISO Mot. Remand, ECF No. 22, at 7 ("Here, Defendant has failed to present 'summary-judgment-type evidence' to back up its assumptions."). However, declarations are unquestionably the kind of evidence commonly proffered in summary judgment proceedings. See, e.g., Ibarra, 774 F.3d at 1197 (stating that, to prove the amount in controversy, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations."); Avila v. Rue21, Inc., 432 F. Supp. 3d 1175, 1186 (E.D. Cal. 2020) (finding no bright-line rule stating "that a declaration alone . . . is per se insufficient to establish the amount in controversy"); Sanchez v. Abbott Laboratories, No. 2:20-cv-01436-TLN-AC, 2021 WL 2679057, at *3 (E.D. Cal. June 30, 2021) (collecting cases) (finding that "many district courts in the Ninth Circuit have held that declarations can be sufficient evidence in light of allegations made in complaints."). In this case, Mr. Rudel states that he has "personal knowledge of the facts contained in" his declarations and that he has access to Defendant's records. See, e.g., Rudel Decl. ISO Not. Removal, ECF No. 1-2 ¶¶ 1–2. "Thus, a declaration from a knowledgeable person, such as [Mr. Rudel], . . . can be sufficient depending on the nature of the allegations in the FAC." Avila, 432 F. Supp. 3d at 1186–87 (emphasis in original).

Nonetheless, Plaintiff asserts that the "FAC neither alleges nor provides a basis for Defendant to assume that every employee missed both a meal period and a rest period once out of every five work days across every workweek during the entire class period." Pl.'s Mot. Remand, ECF No. 14, at 12–13 ("[A] pattern or practice, or uniform policy, of failing to provide compliant meal and rest periods could easily be once every two weeks, once a month, or once every three months."). "While a 100% violation rate has been considered unreasonable when a complaint alleges a 'pattern and practice' of violations, Ibarra, 775 F.3d at 1199, courts in the Ninth Circuit have frequently held a violation rate between 20% and 60% to be reasonable when the plaintiff claims a 'pattern and practice' of violations." Sanchez, 2021 WL 2679057, at *4 (collecting

cases); see, e.g., Hender v. Am. Directions Workforce LLC, No. 2:19-cv-01951-KJM-DMC, 2020 WL 5959908, at *5–6 (E.D. Cal. Oct. 8, 2020); Nunes v. Home Depot U.S.A., Inc., No. 2:19-cv-01207-JAM-DB, 2019 WL 4316903, at *2 (E.D. Cal. Sept. 12, 2019). In addition to alleging a policy or practice, the inclusion of language like "from time to time" and "often" further support Defendant's "assumption of one missed meal break and one missed rest break per week to be reasonable."[8] Id. Based on the allegations in the FAC and Mr. Rudel's declarations, and absent evidence to the contrary from Plaintiff, the Court finds that the amount in controversy requirement is satisfied based on the rest period and meal break claims alone. Accordingly, Plaintiff's Motion to Remand is DENIED.

### B. Defendant's Motion to Dismiss or Strike Plaintiff's FAC

#### 1. First Cause of Action for Failure to Pay Earned Wages, Including Overtime

Defendant seeks dismissal of Plaintiff's First Cause of Action on grounds that it fails to meet the minimum pleading requirements for wage and hour claims. In Landers v. Quality Commc'ns, Inc., the Ninth Circuit held that "[a] plaintiff may establish a plausible claim [for overtime payments] by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." 771 F.3d 638, 644–45 (9th Cir. 2014). Plaintiff's factual allegations as they currently stand are plainly insufficient under Landers, for the required detail is simply not provided.

The FAC, in relevant part, alleges that "Plaintiff and the putative class are employees of Defendants working in their grocery stores," and that Plaintiff was employed by Defendant until February 26, 2021. FAC ¶¶ 7, 15. However, Plaintiff does

---

[8] Even if the Court were to apply a 5% violation rate, i.e., one non-compliant meal break and one non-compliant rest period per month, the aggregate amount in controversy for both claims would still exceed the jurisdictional amount ($6,269,420). See Def.'s Opp'n Mot. Remand, ECF No. 19, at 19 & n.14 ("$10 per hour x 1 meal period violation per week x (1,253,884 workweeks/4) = $3,134,710.").

not provide any allegations "relating to [his] employment with [Defendant], such as when his employment began, his work location, or even his job title, let alone any facts regarding his own experiences as a nonexempt employee or the circumstances that led to him allegedly experiencing any Labor Code violation."  Def.'s Mem. ISO Mot. Dismiss, ECF No. 13-1, at 11.  Furthermore, there are no allegations as to the length of his average workweek, his average rate of pay, how often he worked overtime, the number of hours involved, or the amount of overtime wages he believes is owed.  Because the minimum pleading requirements are not met, Plaintiff's First Cause of Action is DISMISSED with leave to amend.

### 2. Second Cause of Action for Failure to Properly Calculate and Pay Sick Leave Wages

The Second Cause of Action asserts a violation of California Labor Code § 246, specifically that Defendant failed to properly pay sick leave wages.  See FAC ¶¶ 43–44.  However, courts have routinely found that § 246 does not create a private right of action.  See, e.g., Rudolph v. Herc Rentals, Inc., No. 2:20-cv-05412-ODW (Ex), 2021 WL 5994514, at *3 (C.D. Cal. Aug. 27, 2021); Titus v. McLane Foodservice, Inc., No. 2:16-cv-00635-KJM-EFB, 2016 WL 4797497, at *4 (E.D. Cal. Sept. 14, 2016) (finding that "plaintiff cannot bring an individual claim for the alleged violation of section 246[], because there is no private right of action to enforce that provision."); see also Cal. Lab. Code § 248.5(d)–(e) (instructing employees to report sick pay violations to the Labor Commissioner and providing ways for the Labor Commissioner to enforce the provision).  Because Plaintiff does not challenge the legal sufficiency of this claim and amendment would nonetheless be futile, the Second Cause of Action is DISMISSED without leave to amend.

### 3. Third and Fourth Causes of Action for Failure to Provide Rest and Meal Breaks

As previously discussed, see supra Part A, Plaintiff alleges that he and the class members "missed breaks due to the press of work," and that "[w]hen breaks were

provided, they were cut short because Plaintiff and Class Members were required to wear protective gear, which they had to take off and put on during their breaks, cutting into the time they were allowed to take rest." FAC ¶ 47.  Similarly, Plaintiff alleges that he and the class members "were often too busy and understaffed to take time away from their duties for breaks," and when Plaintiff "was able to take a meal period, he was frequently interrupted as he had to remain available to assist managers and customers." Id. ¶ 52.  Lastly, Plaintiff claims that he "never received second meal breaks during shifts of 10 hours or longer." Id.

Like the First Cause of Action, these conclusory allegations are devoid of supporting factual allegations.  When faced with similar assertions that the plaintiff, due to a "heavy work load," was not provided meal and rest periods "within the legally required time" and was not permitted to leave her work area without permission, the court in Ovieda v. Sodexo Operations, LLC, described the allegations as "bare-bones" and "devoid of sufficient factual enhancement to allow . . . [a] reasonable inference" of liability.  No. CV 12-1750-GHK (SSx), 2012 WL 1627237, at *3 (C.D. Cal. May 7, 2012). To pass pleading muster, the Ovieda court reasoned that the complaint should have included details concerning the plaintiff's shift schedules, job duties, what specific policies and practices were used to manage her, and whether such policies were company-wide or unique to the plaintiff's job site.  Id.  The FAC here contains no such details, and therefore, Plaintiff's Third and Fourth Causes of Action are DISMISSED with leave to amend.

### 4. Fifth Cause of Action for Failure to Provide Suitable Seating

Under the Fifth Cause of Action, Plaintiff alleges that Defendant "failed to provide Plaintiff and Class Members with suitable seating during their employment as required by section 14 of the applicable Wage Order." FAC ¶ 58.  By way of example, Plaintiff and the class members allegedly "were not provided with seating during shifts in which they worked at the meat and deli counters, in positions which would reasonably permit the use of seating," for such work "includes customer service, weighing and labeling

13

1  items, and other common tasks that can be performed while seated and the location of
2  the tasks to be performed made it feasible to do so while seated." Id.  However, there
3  are no allegations in the FAC as to Plaintiff's job position or that Defendant "had a
4  company-wide policy of not providing seats to Plaintiff or other employees when the
5  nature of their work reasonably permits the use of a seat." Def.'s Mem. ISO Mot.
6  Dismiss, ECF No. 13-1, at 20.  Accordingly, Plaintiff's Fifth Cause of Action is
7  DISMISSED with leave to amend.

### 5. Sixth Cause of Action for Failure to Reimburse Required Business Expenses

10  Under the Sixth Cause of Action, Plaintiff alleges that Defendant "required Plaintiff
11  and employees to purchase and use their own personal carving knives for work related
12  duties and they were required to take the knives home to sharpen them and bring them
13  back for use at work but failed to reimburse Plaintiff and employees for this use . . ."
14  FAC ¶ 61 (citing Cal. Lab. Code § 2802).  There are no allegations, however, as to "how
15  or when Defendant failed to reimburse Plaintiff, or any other potential class members, for
16  business expenses," or the "specific nature of the business expenses at issue."
17  Nelson v. Dollar Tree Stores, Inc., No. 2:11-CV-01334 JAM-CMK, 2011 WL 3568498,
18  at *2 (E.D. Cal. Aug. 15, 2011).  As such, Plaintiff's Sixth Cause of Action is DISMISSED
19  with leave to amend.

### 6. Seventh Cause of Action for Failure to Timely Pay All Wages Owed Upon Termination

22  Plaintiff's Seventh Cause of Action purports to be based upon the requirements of
23  California Labor Code §§ 201 and 202, which provide that wages must be paid within a
24  certain time following an employee's separation from service.  See FAC ¶ 63.  The two
25  sections, however, involve different circumstances:  Section 201 requires that in the
26  event an employee is discharged by their employer, the wages earned and unpaid at the
27  time of discharge are due and payable immediately.  Section 202, on the other hand,
28  gives the employer 72 hours to do so if it is the employee who quits.

1    The FAC contains absolutely no facts as to how Plaintiff separated from his
2 employment, indicating only that his last day at work was February 26, 2021.  FAC ¶ 7.
3 Consequently, the Court cannot determine on what basis Plaintiff seeks to hold
4 Defendant liable, let alone ascertain what final wages may have been owed and not
5 paid.  To the extent Plaintiff argues this cause of action is derivative of his previous
6 claims, see Pl.'s Opp'n Mot. Dismiss, ECF No. 20, at 14–15 ("Because the wages were
7 underpaid, when he left employment, they remained unpaid."), the Court has already
8 determined those claims to be insufficiently pleaded.  Accordingly, Plaintiff's Seventh
9 Cause of Action is DISMISSED with leave to amend.

10    **7.    Eighth Cause of Action for Failure to Provide Accurate Itemized Wage Statements and Maintain Accurate Records**

12    In the Eighth Cause of Action, Plaintiff alleges that Defendant "knowingly and
13 intentionally failed to furnish Plaintiff and Class Members with accurate itemized
14 statements from time to time for each pay period that they worked, and frequently failed
15 to maintain accurate payroll records of the Class Members . . ."  FAC ¶ 71.  Such
16 inaccuracies were allegedly caused by "Defendants' unlawful timekeeping practices that
17 resulted in underreporting hours worked and overtime hours worked."  Id.  Plaintiff,
18 however, fails to identify a single deficient wage statement.  See Johnson v. Winco
19 Foods, LLC, No. ED CV 17-2288-DOC (SHKx), 2018 WL 6017012, at *18 (C.D. Cal.
20 Apr. 2, 2018) (dismissing wage statement claim, in part, because the plaintiff did not
21 provide "any specific factual allegations as to at least one specific wage statement that
22 was deficient in the alleged ways.") (citing Landers, 771 F.3d at 643).  Again, to the
23 extent Plaintiff argues that that this cause of action is derivative of his previous claims,
24 those claims are insufficiently pleaded.  As such, the Eighth Cause of Action is
25 DISMISSED with leave to amend.

26    **8.    Ninth Cause of Action for Unfair Business Practices**
27 Plaintiff's Unfair Business Practices claim under California Business and
28 Professions Code §§ 17200 et seq., as set forth in the Ninth Cause of Action, is explicitly

15

1    predicated on the viability of Plaintiff's other state law claims.  As a derivative claim, it

2    rises and falls on the viability of those claims which the Court has already rejected.  See,

3    e.g., Lefevre v. Pac. Bell Directory, No. 14-cv-03803-WHO, 2014 5810530, at *4 (N.D.

4    Cal. Nov. 7, 2014) (dismissing derivative § 17200 cause of action because the

5    underlying wage and hour claims failed to satisfy minimum pleading requirements).  The

6    Court therefore DISMISSES the Ninth Cause of Action with leave to amend.

### 9.     Class Allegations

In addition to seeking dismissal of Plaintiff's substantive claims as discussed above, Defendant also moves to strike the class allegations as insufficient.  See Fed. R. Civ. P. 12(f).  While conceding that courts generally refrain from ruling on the issue of class certification at the pleading stage, Defendant still claims that Plaintiff has not pleaded enough facts to show any entitlement to relief on a class-wide basis.  Def.'s Mem. ISO Mot. Dismiss, ECF No. 13-1, at 21.

Given the fact that the Court dismissed all of Plaintiff's causes of action for failure to state a claim under Rule 12(b)(6), Defendant's additional Motion to Strike the class allegations is moot since the claims for which class action treatment was sought are not viable at this time.  The weight of authority nonetheless supports the proposition that class action allegations should not be tested at the pleadings stage, and instead should be addressed only after one party has filed a motion for class certification, unless it is clear from the complaint that no class claims can be maintained.  See, e.g., Brown v. Hain Celestial Group, Inc., 913 F. Supp. 2d 881, 887 (N.D. Cal. 2012).  Here, having dismissed Plaintiff's substantive allegations (albeit with leave to amend as provided below), the FAC is far too unsettled to make that determination.  Although Plaintiff did not address the Motion to Strike in its Opposition brief and Defendant cites two unpublished opinions that have dismissed class action allegations at the pleadings stage, such action is still rare in advance of a class certification motion.  See Cholakyan v. Mercedes-Benz USA, LLC, 796 F. Supp. 2d 1220, 1245–46 (C.D. Cal. 2011).  In sum,

///

Defendant's Motion to Dismiss Plaintiff's FAC is GRANTED, and as a result, its Motion to Strike and alternative Motion to Stay Proceedings are DENIED as moot.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 14, is DENIED, and Defendant's Motion to Dismiss, ECF No. 13, is GRANTED.  Plaintiff's Second Cause of Action is DISMISSED without leave to amend.  All remaining causes of action are DISMISSED with leave to amend.  Having dismissed all causes of action contained in Plaintiff's FAC as insufficient to state any viable claim at this time, Defendant's concurrent request to strike the class allegations attaching to those causes of action, as well as its alternative motion to stay proceedings, are DENIED as moot.  Plaintiff may, but is not required to, file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is electronically filed.  Failure to timely do so will result in this action being dismissed, in its entirety, without further notice to the parties.

IT IS SO ORDERED.

Dated:  August 23, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE