1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11    SOMRET PHOUNG, an individual, on          No.  2:21-cv-02033-MCE-JDP
      behalf of himself and all others similarly
12    situated,

13                      Plaintiff,              **ORDER**

14          v.

15    WINCO HOLDINGS, INC., an Idaho
      corporation,
16
                        Defendant.
17

18

19          Through this action, Plaintiff Somret Phoung ("Plaintiff") seeks relief from

20    Defendant WinCo Holdings, Inc. ("Defendant") for wage and hour violations of the

21    California Labor Code and California's Unfair Competition Law, Cal. Bus. & Prof. Code

22    §§ 17200 et seq.  Presently before the Court is Defendant's Motion to Stay this action

23    pending resolution of the related cases Castanon v. WinCo Holdings, Inc., Case No.

24    2:20-cv-01656-MCE-JDP, and Putman v. WinCo Holdings, Inc., Case No. 2:21-cv-

25    01760-MCE-JDP.  ECF No. 26.  To date, Plaintiff has not filed an opposition or response

26    thereto.  See ECF No. 28.  For the following reasons, Defendant's Motion is GRANTED.[1]

27
      _____
28          [1] Because oral argument would not have been of material assistance, the Court ordered this
      matter submitted on the briefs.  E.D. Local Rule 230(g).

                                                1

1    "[T]he power to stay proceedings is incidental to the power inherent in every court

2    to control the disposition of the causes on its docket with economy of time and effort for

3    itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

4    "The exertion of this power calls for the exercise of a sound discretion."  CMAX, Inc. v.

5    Hall, 300 F.2d 265, 268 (9th Cir. 1962).  More specifically, the Ninth Circuit has

6    elaborated:

7
         Where it is proposed that a pending proceeding be stayed, the
         competing interests which will be affected by the granting or
8        refusal to grant a stay must be weighed. Among these
         competing interests are the possible damage which may result
9        from the granting of a stay, the hardship or inequity which a
         party may suffer in being required to go forward, and the
10       orderly course of justice measured in terms of the simplifying
         or complicating of issues, proof, and questions of law which
11       could be expected to result from a stay.

12   Id.  All of the foregoing weigh in favor of granting a stay.  The Phoung action is almost

13   entirely duplicative of the Castanon and Putman cases, and it would waste judicial

14   resources for them to proceed on parallel tracks.  Staying this case would thus preserve

15   resources of all parties, while preserving Plaintiff's interests here, which are being

16   considered with reference to the Castanon and Putman claims.  A stay thus results in no

17   harm to Plaintiff here or to the putative class in this case, the claims of which will be

18   prosecuted in Castanon and Putman.  Accordingly, given the substantial overlap of

19   these cases, the Court can conceive of no reason not to stay the instant matter.

20   Defendant's Motion (ECF No. 26) is thus GRANTED.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    This matter is hereby STAYED until further order of the Court.  Not later than thirty

2  (30) days following the date judgment is entered in Putman v. WinCo Holdings, Inc.,

3  Case No. 2:21-cv-01760-MCE-JDP, the parties shall file a written Joint Status Report

4  advising the Court as to the next course of action in this case.[2]

5    IT IS SO ORDERED.

6

7  Dated:  October 28, 2022

8  _____

9  MORRISON C. ENGLAND, JR.
   SENIOR UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    [2] The Court similarly granted Defendant's Motion to Stay the Putman action pending resolution of
   the Castanon action for the same reasons stated herein.  See ECF No. 31, Case No. 2:21-cv-01760-MCE-
28  JDP.  Because Castanon will be adjudicated first, then Putman, the Court finds it appropriate to have the
   parties file a joint status report in this case following resolution of Putman.